| | | |
|---|---|---|
| **ANDREA DUPLECHAIN AND** | * | **CIVIL ACTION NO:** |
| **MARA BRELAND** | * | |
| | * | **SECTION " "** |
| **VERSUS** | * | |
| | * | **MAG** |
| **ALGIERS CHARTER SCHOOL** | * | |
| **ASSOCIATION, INC.** | * | **JURY TRIAL DEMANDED** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

### I. JURISDICTION

1.    The jurisdiction of this Court is invoked by Plaintiffs pursuant to 28 U.S.C. §1331, 42 U.S.C. §2000(e), *et seq.*, and 42 U.S.C. §1981.

### II. VENUE

2.    Pursuant to 28 U.S.C. § 1391, the unlawfully and discriminatory action about which Plaintiffs complain occurred within the Eastern District of Louisiana, and therefore this Court is a proper venue for this action.

### III. THE PARTIES

3.    At all times relevant hereto, Plaintiff, Andrea Duplechain, Caucasian female, was a person of the full age of majority, a citizen of the United States, who is a resident of and domiciled in the Eastern District of Louisiana.

4.    At all times relevant hereto, Plaintiff, Mara Breland, Caucasian female, was a person of the full age of majority, a citizen of the United States, who is a resident of and domiciled in the Eastern District of Louisiana.

5.    At all times relevant hereto, Defendant, Algiers Charter School Association, Inc., (ACSA), was a Louisiana non-profit corporation which was domiciled in New Orleans, Louisiana,

and which, at all times relevant hereto, was the governing authority that operated nine (9) charter schools in Orleans Parish, including Algiers Technology Academy (ATA).

6.    At all times relevant hereto, Defendant, ACSA, was a business engaged in an industry affecting commerce and which employed fifteen (15) or more employees.

## IV. **STATEMENT OF THE CLAIMS OF ANDREA DUPLECHAIN**

7.    Plaintiff, Andrea Duplechain, was hired by Defendant, ACSA, on or about December 9, 2005, as a School Nurse.

8.    Plaintiff, Andrea Duplechain, remained employed by Defendant, ACSA, until on or about December 8, 2009, at which time Plaintiff was terminated without cause because of her race, Caucasian.

9.    During her employment with ACSA, Plaintiff, Andrea Duplechain, always performed her job duties in an exemplary manner, and as a result, Plaintiff, Andrea Duplechain, received two (2) promotions.

10.    On or about August 10, 2006, Plaintiff, Andrea Duplechain, was promoted from the position of School Nurse at one (1) of its charter schools operated by Defendant, ACSA, to the position of Nurse Manager.

11.    On or about December of 2008, Plaintiff, Andrea Duplechain, obtained a Masters Degree in Healthcare Management from Loyola University.

12.    On or about June 9, 2009, Plaintiff, Andrea Duplechain, was promoted to the position of Health Services Coordinator.

13.    As a result of this promotion, Andrea Duplechain, supervised the School Nurses at all the various charter schools operated by Defendant, ACSA.

14. Through out her employment with Defendant, ACSA, Plaintiff, Andrea Duplechain, always performed her job duties in an exemplary manner, and Plaintiff always received superior employee performance reviews/evaluations.

15. Notwithstanding her exemplary job performance and her superior employee performance reviews, Defendant, ACSA, terminated the Plaintiff, Andrea Duplechain, without cause because of her race, Caucasian.

16. Alternatively, a motivating factor for Defendant's decision to terminate Plaintiff, Andrea Duplechain, was Plaintiff's race, Caucasian.

17. After terminating the Plaintiff, Andrea Duplechain, without cause, Defendant, ACSA, replaced Plaintiff with a less qualified African American.

18. The reason(s) Defendant, ACSA, gave for terminating Plaintiff, Andrea Duplichain, were a pretext for race discrimination.

## V. <u>COUNT ONE</u>

19. Plaintiff, Andrea Duplechain, reiterates all the allegations contained in ¶¶ 1-18 herein.

20. In terminating Plaintiff, Andrea Duplechain, without cause and in hiring a less qualified African American to replace her, Defendant, ACSA, intentionally discriminated against Plaintiff, Andrea Duplechain, on the basis of her race, Caucasian in violation of 42 U.S.C. Section 1981.

## VI. <u>COUNT TWO</u>

21. Plaintiff, Andrea Duplechain, reiterates all the allegations contained in ¶¶ 1-20 herein.

22. Alternatively, the Plaintiff's race, Caucasian, was a motivating factor in the decision of Defendant, ACSA, to terminate Plaintiff, Andrea Duplechain.

23.     Furthermore, but for the race of Plaintiff, Andrea Duplechain, Defendant, ACSA, would not have terminated the Plaintiff.

24.     In terminating Plaintiff, Andrea Duplechain, with her race, Caucasian, as a motivating factor, Defendant, ACSA, intentionally discriminated against Plaintiff, Andrea Duplechain, on the basis of her race in violation of 42 U.S.C. Section 1981.

## VII.  COUNT THREE

25.     Plaintiff, Andrea Duplechain, reiterates all the allegations contained in ¶¶ 1-24 herein.

26.     At all times relevant hereto, Defendant, ACSA, employed more than fifteen (15) employees and was an employer engaged in interstate commerce, and as a result, Defendant, ACSA, was subject to the provisions of Title VII of the 1964 Civil Rights Act.

27.     Prior to filing this lawsuit, Plaintiff, Andrea Duplechain, filed a timely charge of employment discrimination with the U.S. Equal Employment Opportunity Commission (EEOC).

28.     Thereafter, on or about January 18, 2012, the EEOC issued a Notice of Right to Sue to Plaintiff, Andrea Duplechain.  **See Exhibit A, Copy of Notice of Right to Sue Issued to Plaintiff, Andrea Duplechain, By the EEOC.**

29.     Prior to bringing this action, Plaintiff, Andrea Duplechain, complied with all the procedural prerequisites to filing suit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et seq.*

30.     In terminating Plaintiff, Andrea Duplechain, without cause because of her race, Caucasian, Defendant, ACSA, intentionally discriminated against Plaintiff, Andrea Duplechain, on the basis of her race, Caucasian, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000(e), *et seq.*

# VIII. COUNT FOUR

31.     Plaintiff, Andrea Duplechain, reiterates all the allegations contained in ¶¶ 1-30 herein.

32.     Alternatively, Plaintiff's race, Caucasian, was a motivating factor in the decision of Defendant, ACSA, to terminate the Plaintiff. Furthermore, but for Plaintiff's race, Caucasian, Defendant, ACSA, would not have terminated the Plaintiff.

33.     In terminating Plaintiff, Andrea Duplechain, with her race, Caucasian, as a motivating factor, Defendant, ACSA, intentionally discriminated against Plaintiff, Andrea Duplechain, on the basis of her race, Caucasian, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. Section 2000(e), *et seq.*

34.     As a result of the unlawful and racially discriminatory actions of Defendant, ACSA, about which Plaintiff complains herein, Plaintiff, Andrea Duplechain, has suffered damages for which Plaintiff seeks compensation in the following areas:

   a)   Back Pay and Back Benefits;

   b)   Mental Anguish, Emotional Distress, Humiliation, Inconvenience, and Embarrassment;

   c)   Medical Expenses;

   d)   Reinstatement or, Alternatively, Front Pay and Front Benefits;

   e)   Punitive Damages;

   f)   Reasonable Attorney's Fees;

   g)   Plaintiff's Costs; and

   h)   Legal Interest From The Date of Judicial Demand.

## IX. <u>STATEMENT OF THE CLAIMS OF MARA BRELAND</u>

35.     Plaintiff, Mara Breland, began working for Defendant, ACSA, on or about November 15, 2007, as a part-time School Nurse at Algiers Technology Academy (ATA) which was one (1) of the charter schools operated by Defendant, ACSA.

36.     Plaintiff, Mara Breland, remained employed as a School Nurse at ATA until on or about May 28, 2010.

37.     Throughout her employment at ATA, Plaintiff, Mara Breland, requested a position as a full-time School Nurse, and throughout Plaintiff's employment, Defendant, ACSA, promised that it would give Plaintiff a full-time position if and when a full-time position became available.

38.     On or about May 28, 2010, Defendant, ACSA, terminated Plaintiff, Mara Breland, from her position as a part-time School Nurse at ATA.

39.     The reason Defendant, ACSA, gave for terminating Plaintiff's employment with ATA was that ATA was allegedly going to share a School Nurse with another charter school operated by Defendant, ACSA. However, Defendant's alleged reason for terminating the Plaintiff was a pretext for race discrimination because shortly after terminating Plaintiff, Mara Breland, Defendant, ACSA, hired an African American as a full time School Nurse at ATA.

40.     Shortly after terminating Plaintiff, Mara Breland, without cause Defendant, ACSA, hired a less qualified African American in a full-time School Nurse position at ATA.

41.     The reason(s) that Defendant, ACSA, gave for not giving Plaintiff, Mara Breland, a full-time School Nurse position was also a pretext for race discrimination.

42.     After being terminated from her employment as a School Nurse by Defendant, ACSA, Plaintiff, Mara Breland, filed a timely charge of employment discrimination with the EEOC.

43.     In the charge which she filed with the EEOC, Plaintiff, Mara Breland, complained that Defendant, ACSA, intentionally discriminated against her on the basis of her race, Caucasian, by refusing to give her a full-time School Nurse position at ATA and by terminating her employment.

44.     On or about December 13, 2011, the EEOC issued Plaintiff, Mara Breland, a Notice of Right to Sue on her charge, and Plaintiff, Mara Breland, has filed this lawsuit within ninety (90) of her receipt of that Notice of Right to Sue. **See Exhibit B, Copy of Notice of Right to Sue Issued to Plaintiff, Mara Breland, By the EEOC.**

## X. <u>COUNT FIVE</u>

45.     Plaintiff, Mara Breland, reiterates all the allegations contained in ¶¶ 35-44 herein.

46.     Prior to bringing this action, Plaintiff, Mara Breland, complied with all the procedural prerequisites to filing suit under Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. §2000(e), *et seq.*

47.     In refusing to give Plaintiff a full-time School Nurse position at ATA despite her repeated requests for a full-time position and in hiring an African American as a full-time School Nurse at ATA, shortly after terminating the Plaintiff, Defendant, ACSA, intentionally discriminated against Plaintiff, Mara Breland, on the basis of her race, Caucasian, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et seq.* and in violation of 42 U.S.C. § 1981.

## XI. <u>COUNT SIX</u>

48.     Plaintiff, Mara Breland, reiterates all the allegations contained in ¶¶ 35-47 herein.

49.     Alternatively, Plaintiff's race, Caucasian, was a motivating factor in the decision of Defendant, ACSA, not to give Plaintiff a full-time position as a School Nurse at ATA.

50.     Furthermore, but for Plaintiff's race, Caucasian, Defendant, ACSA, would have given Plaintiff a full-time School Nurse position at ATA.

51.     In refusing to give Plaintiff, Mara Breland, a full-time position with her race, Caucasian, as a motivating factor, Defendant, ACSA, intentionally discriminated against Plaintiff, Mara Breland, on the basis of her race in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et seq.* and in violation of 42 U.S.C. § 1981.

## XII.  COUNT SEVEN

52.     Plaintiff, Mara Breland, reiterates all the allegations contained in ¶¶ 35-51 herein.

53.     In terminating the Plaintiff without cause while giving a pretextual reason for terminating the Plaintiff, Defendant, ACSA, intentionally discriminated against Plaintiff, Mara Breland, on the basis of her race, Caucasian, in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et. seq.*

## XIII.  COUNT EIGHT

54.     Plaintiff, Mara Breland, reiterates the allegations contained in ¶¶ 35-53 herein.

55.     Alternatively, the race of Plaintiff, Mara Breland, Caucasian, was a motivating factor in the decision of Defendant, ACSA, to terminate Plaintiff from her position as a School Nurse at ATA.

56.     Furthermore, but for Plaintiff's race, Caucasian, Defendant, ACSA, would not have terminated Plaintiff, Mara Breland, from her position as a School Nurse at ATA.

57.     In terminating Plaintiff, Mara Breland, with her race, Caucasian, as a motivating factor, Defendant, ACSA, intentionally discriminated against Plaintiff, Mara Breland, on the basis of her race in violation of Title VII of the 1964 Civil Rights Act, as amended, 42 U.S.C. § 2000(e), *et. seq.*

## XIV. COUNT NINE

58.     Plaintiff, Mara Breland, reiterates the allegations contained in ¶¶ 35-57 herein.

59.     In terminating the Plaintiff without cause while giving a pretextual reason for terminating the Plaintiff, Defendant, ACSA, intentionally discriminated against Plaintiff, Mara Breland, on the basis of her race in violation of 42 U.S.C. § 1981.

## XV. COUNT TEN

60.     Plaintiff, Mara Breland, reiterates the allegations contained in ¶¶ 35-59 herein.

61.     Alternatively, the race of Plaintiff, Mara Breland, Caucasian, was a motivating factor in the decision of Defendant, ACSA, to terminate Plaintiff, Mara Breland, from her position as a School Nurse at ATA.

62.     Furthermore, but for the race of Plaintiff, Mara Breland, Defendant, ACSA, would not have terminated Plaintiff, Mara Breland, from her position as a School Nurse at ATA.

63.     In terminating Plaintiff, Mara Breland, with her race, Caucasian, as a motivating factor, Defendant, ACSA, intentionally discriminated against Plaintiff, Mara Breland, on the basis of her race in violation of 42 U.S.C. § 1981.

64.     As a result of the unlawful and racially discriminatory actions of Defendant, ACSA, about which Plaintiff complains herein, Plaintiff, Mara Breland, has suffered damages for which Plaintiff seeks compensation in the following areas:

      a)     Back Pay and Back Benefits;

      b)     Mental Anguish, Emotional Distress, Humiliation, Inconvenience, and Embarrassment;

      c)     Medical Expenses;

d)      Reinstatement or, Alternatively, Front Pay and Front Benefits;

e)      Punitive Damages;

f)      Reasonable Attorney's Fees;

g)      Plaintiff's Costs; and

h)      Legal Interest From The Date of Judicial Demand.

65.     **PLAINTIFFS, ANDREA DUPLECHAIN AND MARA BRELAND, DEMAND A TRIAL BY JURY ON ALL ISSUES.**

WHEREFORE, Plaintiffs, Andrea Duplechain and Mara Breland, respectfully pray that after all due legal proceedings all conducted and after all legal delays have expired that this Honorable Court render a judgment herein in their favor and against Defendant, Algiers Charter School Association, Inc., in an amount supported by the evidence, plus reasonable attorney's fees, Plaintiffs' costs herein, and legal interest from the date of judicial demand.

Respectfully Submitted,

/s/ Clement P. Donelon
CLEMENT P. DONELON, T.A., (LA. BAR #4996)
3900 N. Causeway Blvd., Suite 1470
Metairie, Louisiana 70002
Telephone: (504) 887-0077
Facsimile: (504) 887-0078
Cpdlaw@aol.com
Clem1@cpdlaw.net
Counsel for Plaintiffs, Andrea Duplechain and Mara Breland

| ANDREA DUPLECHAIN AND | * | CIVIL ACTION NO: |
| MARA BRELAND | * | |
| | * | SECTION " " |
| VERSUS | * | |
| | * | MAG |
| ALGIERS CHARTER SCHOOL | * | |
| ASSOCIATION, INC. | * | JURY TRIAL DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## VERIFICATION

I have read the foregoing Complaint in the above-styled matter, and the allegations that I have

made therein are true and correct to the best of my knowledge, information and belief.


_Andrea Duplechain_
ANDREA DUPLECHAIN


SWORN TO AND SUBSCRIBED
BEFORE ME, the undersigned authority
this 1st day of March, 2012.


CLEMENT P. DONELON
Louisiana Bar No. 04996
Notary Public No. 36599

11

| | | |
|---|---|---|
| ANDREA DUPLECHAIN AND | * | CIVIL ACTION NO: |
| MARA BRELAND | * | |
| | * | SECTION " " |
| VERSUS | * | |
| | * | MAG |
| ALGIERS CHARTER SCHOOL | * | |
| ASSOCIATION, INC. | * | JURY TRIAL DEMANDED |

* * * * * * * * * * * * * * * * * * * * * * * * *

## VERIFICATION

I have read the foregoing Complaint in the above-styled matter, and the allegations that I have made therein are true and correct to the best of my knowledge, information and belief.

_____
MARA BRELAND

SWORN TO AND SUBSCRIBED
BEFORE ME, the undersigned authority
this 1st day of March, 2012.

_____
CLEMENT P. DONELON
Louisiana Bar No. 04996
Notary Public No. 36599